Ungaro v Zampolli (2020 NY Slip Op 00823)





Ungaro v Zampolli


2020 NY Slip Op 00823


Decided on February 4, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 4, 2020

Friedman, J.P., Renwick, Manzanet-Daniels, Singh, González, JJ.


301822/18 10943A 10943

[*1] Amanda Ungaro, Plaintiff,
v
Paolo Zampolli, Defendant-Appellant. 
Aronson Mayefsky & Sloan, LLP, Nonparty Respondent.


Sidoti Law Firm, LLC, New York (Thomas Sidoti of counsel), for appellant.
Aronson Mayefsky & Sloan, LLP, New York (Daniel Mark Lipschutz of counsel), for respondent.



Orders, Supreme Court, New York County (Michael L. Katz, J.), entered December 3, 2018, and December 26, 2018, which granted nonparty respondent Aronson Mayefsky & Sloan, LLP's (AMS) motion, inter alia, to deny defendant's exemption claims and to direct his financial institutions to release funds in partial satisfaction of a money judgment, and awarded AMS its counsel fees incurred in connection with the motion, unanimously affirmed, without costs.
Defendant's contention that the motion court should have vacated the underlying interim fee order and corresponding money judgment is without merit. Defendant failed to cross-move for such relief when AMS moved to deny his exemption claims (see CPLR 5015). The closest defendant came to seeking that relief was his order to show cause in an effort to reargue the exemption motion, and both this Court and the motion court declined to allow him to proceed in that manner.
Nor did defendant take the opportunity to appeal from the order or the judgment, the merits of which are therefore not properly before this Court. In any event, defendant's argument is without merit. He and plaintiff had no authority on their own to "vacate" or "modify" a court order that affected the rights of AMS, and their stipulated settlement agreement was not presented to or signed by the motion court.
Defendant advances no arguments in support of his contention that the award of attorneys' fees to AMS in connection with the instant motion should be overturned or that he should have been granted a hearing to contest the award. We note that there is no indication in the record that he requested such a hearing.
The court correctly denied defendant's exemption claims on the ground that defendant's submissions were insufficient under CPLR 5222-a(b)(4)(c) to demonstrate that the funds were exempt.
We have considered defendant's remaining contentions and
find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 4, 2020
CLERK